CHARLES MCILRATH, Receiver, etc., *vs.* JOHN SNURE
& another.

February 11, 1876.

**Receiver cannot Recover Property Sold on Execution before his Appointment.—**
In May, 1872, defendants recovered a judgment against the Southern Minnesota Railroad Company, by virtue of the execution issued upon which certain lumber and cord-wood, belonging to the company, were sold to one of the defendants on October 23, 1872. Upon the application of the trustees named in two mortgages executed by said company, an order was made appointing the plaintiff receiver, with authority to take possession of the railroad of said company, its depots, cars, etc., "and also all other goods and chattels owned by said company in any way relating or appertaining to, or connected with, said railroad, or the running or operating of the same." Power was also conferred upon the receiver " to institute suits in his name as receiver aforesaid for the collection of any claims or debts due, or to become due, said company, or to recover or to protect any of its property." *Held,* that the order did not authorize the receiver to take possession of the lumber and cord-wood aforesaid.

Appeal by defendants, Snure and Franklin, from an order of the district court for Houston county, refusing a new trial, after a trial before *Page,* J., without a jury.

*Wilson & Taylor* and *R. A. Murray,* for appellants.

*J. W. Losey,* for respondent.

BERRY, J.[1]  In March, 1868, the Southern Minnesota Railroad Company made two mortgages to trustees. Default having been made in the payment of interest, the trustees commenced an action for foreclosure and the appointment of a receiver. On November 16, 1872, the plaintiff was appointed receiver, with authority to take possession of the railroad of said company, its depots, cars, etc., " and also all other goods and chattels owned by said company in any way relating or appertaining to, or connected with, said railroad, or the running or operating of the same." Power was also conferred upon the receiver " to institute suits in his name, as receiver aforesaid, for the collection of any claims or debts due, or to become due, said company, or to recover or to protect any of its property."

[1] Gilfillan, C. J., having been of counsel, did not sit in this case.

In May, 1872, the defendants recovered a judgment against the company, by virtue of the execution issued upon which the sheriff of Houston county, on October 23, 1872, sold to defendant, Franklin, certain lumber and cord-wood, of which said company was owner. The plaintiff, as receiver, brings this action to recover possession of the lumber and cord-wood, or their value, if possession cannot be had. It will be observed that the execution sale, under which the defendants claim, took place *before the appointment of the receiver.*

As in other cases, the sale had the effect to divest the judgment debtor—*i. e.*, the company—of its property in the lumber and cord-wood, and to pass the property therein to the purchaser. If it did this it had the further effect (as far as the company was concerned at any rate) to sever whatever relation or connection, of appurtenance or otherwise, existed between the lumber and cord-wood, and the railroad, or the running or operating of the same. The passages which we have before quoted from the order appointing the receiver contain all of the order which is important in this case, and all upon which we understand the plaintiff to rely. If this is so it follows that the order did not authorize the receiver to take possession of the lumber and cord-wood in question, for they were not " owned " by the company ; nor to institute any suit respecting them, for they were not the " property " of the company ; nor was there "any claim or debt due, or to become due," to the company against defendants, or either of them, on account of the taking or conversion of the same. *Verplanck* v. *Mercantile Ins. Co.*, 2 Paige, 438 ; Edwards on Receivers, 4 ; Kerr on Receivers, 13, 169, 170.

This disposes of the case, and renders it unnecessary for us to enquire what the rights of the trustees are in the lumber and cord-wood, or to consider the other questions raised upon the argument.

Order reversed.